IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
EX REL. JAMES A. ROARK, SR.
19240 Treadway Roard
Brookeville, MD 20833,

        Plaintiff

v.                                  Case No. _____

SPECIALTY HOSPITALS OF AMERICA, LLC
AND ALL HOSPITALS OWNED AND
MANAGED BY SAME

and                               **UNDER SEAL**

LOIS A. EHLE,

        Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff United States of America, through a Relator, James A. Roark, Sr. ("Roark" or "Relator"), brings this action pursuant to 31 U.S.C. 3279 and 18 U.S.C. § 1962 against Defendants Special Hospitals of America, LLC and Lois A. Ehle to recover Federal monies that Defendants wrongfully obtained from the U.S. Department of Health and Human Services through false or fraudulent conduct, alleging as follows:

### COUNT I

1. Plaintiff was employed by Defendant Specialty Hospitals of America, LLC (SHA) to perform services including regulatory analysis, cost report filings and compliance.

2. SHA has owned and managed hospitals in various states including the District of Columbia.

3. Lois Ehle is an outside reimbursement consultant who performs services for SHA.

4. All financial data from managed and owned hospitals is submitted to SHA headquarters and financial statements are generated. All managed and owned hospitals operate pursuant to SHA policies and procedures.

5. Plaintiff discovered that SHA managed and owned hospitals were misapplying revenue and expense data in cost reports to the United States Department of Health and Human Resources (HHS). The Appendix attached to the complaint contains Plaintiff's findings and was submitted to the Inspector General of the United States Department of Health and Human Services on April 13, 2009. Doing so affected cost to charge rations which are used to calculate payments by HHS to the hospitals. SHA never closed its books; therefore, accounting years ran together and audited financial statements were false. Costs for physical therapy and occupational therapy were reported incorrectly causing HHS to pay more. Provider claimed reimbursement of vacant building space which was not used to provide patient care. Expenses/Liabilities were over recorded which further inflated the cost to charge Relator and caused HHS to overpay the hospitals. Compensation to owners was reported as consulting fees. Monies were diverted from patient care to SHA corporate. A report showing a lower payable to HHS and a higher receivable from HHS is signed and submitted. Lois Ehle prepared the cost reports from the SHA books and knows about the misapplications.

6. By willfully and knowingly submitting a report which has different claims than the report used for the financial statements, and knowing that the claims will be disallowed if the auditor catches them, all hospitals owned or managed by Defendant

SHA are in violation of 31 U.S.C. 3279. The U.S. Government has suffered damages in the amount of the total of the line item amounts claimed on the filed cost reports that differ from the actual costs. Defendant hospitals are liable to the United States Government for a civil penalty of not less than $5,000.00 but not more than $10,000.00 for each and every false claim filed and are liable for an amount equal to three times the damages the Government sustained, for every cost report, Form CMS 2252-96, filed in the last six years.

## COUNT II

7. Plaintiff realleges paragraphs 1 through 6 of Count I as if fully set forth herein.

8. Defendant hospitals' use of the cost reports constitutes fraud. The hospitals use this method to (1) delay payment until the audit is completed (which is normally one to two years after SHA's Fiscal Year End) and (2) delay payment forever if the auditors do not catch everything. Funding for audits has been cut back in the last few years and fewer hospitals are being audited.

9. As part of the fraudulent scheme, the Administrator at each hospital willfully signs the certification on the cost report form CMS 2252-96 knowing that it is not true. The filed cost report does not show the same liability to Medicare and Medicaid that the books show. Under section 3402(d) of the PPACA, providers must report and return identified overpayments to HHS, the State, an intermediary, a carrier, or government contractor by the later of: 1.) 60 days from the date the overpayment is identified; or 2.) the date any corresponding cost report is due. SHA has violated both these requirements.

10. Each defendant hospital is liable for penalties allowed by law for making a false certification on the front page of the cost report, CMS 2252-96, for each report filed from 2005–2008.

## COUNT III

11. Plaintiff realleges paragraphs 1-10 of Counts I and II as if fully set forth herein.

12. Defendants SHA and Lois Ehle are guilty of conspiracy in defrauding the United States Government. The defendant hospitals are all related companies and use the same method to prepare cost reports in all their hospitals.

13. The cost report method was developed by SHA and used in the preparation of every cost report filed by every hospital owned or managed by SHA.

14. The cost reports are prepared at a central office for all the hospitals. The reports are then sent to the hospitals with instructions for the administrator to (1) record the liability and (2) sign and file a report with Medicare and Medicaid. The CFO/controller of the hospital is also a part of the conspiracy as the CFO/controller is responsible for making sure the administrator signs the false one and that the actual cost report amounts get booked. A provider who knows that it owes monies to HHS is obligated to advise HHS of the liability and refund the monies to HHS as required by 42 U.S.C. §1320a-7b (a) (3).

15. SHA owns and manages three (3) hospitals. If every one of these hospitals has followed the SHA cost report method, there have been over 15 false Medicare and Medicaid cost reports (each containing hundreds of pages) field in the last 4 years by this conspiracy compounded by the hundreds of individual patient bills

which have been forwarded to Medicare and Medicaid and paid at inflated rates and which have resulted in the increased total overpayments made by Medicare and Medicaid to the hospitals.

16. The cost reporting method used by all of the defendants constitutes a pattern of racketeering, and the defendants have committed a violation of the Racketeering Influenced and Corrupt Organization Act (RICO) 18 U.S.C. § 1962.

17. By reason of the above method the U.S. Government has been injured in an amount to be ascertained. In addition Plaintiff is entitled to recover threefold the damages the Government has sustained as well as costs of suit, including reasonable attorney's fees, pursuant to 18 U.S.C. § 1964.

WHEREFORE, Plaintiff prays judgment against the defendants for the amount awarded by a jury, court costs, and such other further relief as the Court deems just and appropriate.

DATED this 5th day of May, 2010.

Respectfully submitted,

Harvey J. Volzer
DCB 263525
Shaughnessy, Volzer & Gagner, P.C.
216 S Patrick Street
Alexandria, VA 22314
Phone: (703) 549-0446
Fax: (703) 549-0449
volzer@svg-law.com
*Attorney for Relator*
 *James A. Roark, Sr.*